**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan S Covelli-Chaparro,<br><br>Petitioner,<br><br>-v-<br><br>Pam Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the Department of Homeland Security*; Todd M. Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; Brian Flanagan, *in his official capacity as Acting Deputy Field Officer for Immigration and Customs Enforcement in the New York City Area*,<br><br>Respondents. | 2:26-cv-118 (NJC) |

# ORDER

Since the issuance of this Court's January 19, 2026 Order to Show Cause, Respondents have voluntarily ceased the practice of keeping persons detained by ICE in handcuffs during habeas petition hearings without notice or permission from the Court—the practice that gave rise to the Court's Order. In light of Respondents' voluntary cessation, there is no need for further inquiry into the matter at this time.

* * *

Respondents' February 27, 2026 letter suggests that this Court's inquiry into the handcuffing of a habeas petitioner during a hearing reflects an improper inquiry into matters not presented by the parties. Respondents are quite mistaken. This case is one alleging illegal detention, and one in which Respondents were found to have acted in violation of law. (*See* ECF No. 13.) An inquiry about procedures—including the shackling of parties—before a Court lies at

the heart of the Court's ability to control and manage its own courtroom and procedures. *See United States v. Smith*, 426 F.3d 567, 576 (2d Cir. 2005) ("It is the district judge who is best equipped to decide the extent to which security measures should be adopted to prevent disruption of the trial, harm to those in the courtroom, escape of the accused, and the prevention of other crimes."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (affirming the authority of a court "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Farr v. Greiner*, No. 01-cr-6921, 2007 WL 1094160, at *15 (E.D.N.Y. Apr. 10, 2007) ("Generally, a trial judge possesses wide latitude to maintain control over the courtroom to ensure the integrity of the proceedings.").

Dated: Central Islip, New York
March 5, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge